**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MEGAN ROBERTS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-CV-0171-CVE-JFJ** |
| | ) | |
| **AHS HILLCREST MEDICAL CENTER, LLC and JEFFREY JOHNSON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Now before the Court is Defendant AHS Hillcrest Medical Center, LLC's Partial Motion to Dismiss Plaintiff's Petition and Incorporated Memorandum in Support (Dkt. # 17). Defendant AHS Hillcrest Medical Center, LLC (Hillcrest) asks the Court to dismiss plaintiff Megan Roberts' second, third, fifth, and sixth claims for relief for hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII) and the Oklahoma Anti-Discrimination Act, OKLA. STAT. tit. 25, § 1101 et seq. (OADA).[1] Plaintiff responds that Jeffrey Johnson, M.D., Hillcrest's medical director, engaged in sexual harassment and sexually suggestive behavior to her and another employee, and his conduct was sufficiently severe to support the existence of a hostile work environment. Dkt. # 22, at 4. Plaintiff also argues that she should be permitted to proceed with a retaliation claim, because she engaged in protected activity by reporting Dr. Johnson's sexual harassment. Id. at 6-7.

[1] Hillcrest has not moved to dismiss plaintiff's first and fourth claims for relief for sex discrimination under federal and state law.

# I.

In March 2021, Hillcrest hired Roberts as a registered nurse in the emergency department, and by the end of 2022 Roberts had been promoted to the position of charge nurse. Dkt. # 1-2, at 5. Roberts claims that she had always been a competent employee and had never been disciplined by Hillcrest. Id. In February 2025, Roberts was leaning over a counter while completing paperwork, and Hillcrest's medical director, Dr. Johnson, "approached [Roberts] and forcefully smacked her buttocks, causing her to lurch forward." Id. at 5-6. Roberts immediately told Dr. Johnson that his conduct was "unwelcome and inappropriate," and she reported Dr. Johnson's conduct to her supervisor. Id. at 6. Roberts alleges that another employee later reported that Dr. Johnson made "inappropriate and sexual suggestive comments," although the petition does describe Dr. Johnson's conduct in any detail. Id. Roberts states that Hillcrest failed to take any action against Dr. Johnson concerning his offensive conduct, and Roberts eventually filed a police report after Hillcrest ignored her complaints concerning Dr. Johnson's conduct. Id. Hillcrest allegedly retaliated against Roberts for filing a police report against Dr. Johnson by demoting her to the position of relief charge nurse in May 2025. Id. Hillcrest permanently removed Roberts from the position of charge nurse about a month later, and she claims that Hillcrest subjected her to "increased scrutiny and criticism" concerning her communication and professionalism at work. Id.

Hillcrest terminated Roberts' employment on September 3, 2025 due to her lack of professionalism and attendance problems. Id. at 7. Roberts alleges that she filed a charge of discrimination with the Oklahoma Attorney General's Office of Civil Rights Enforcement, and she received a right to sue letter. Id. at 5. On February 19, 2026, Roberts filed this case alleging Title VII and OADA claims against Hillcrest, as well as an assault and battery claim against Dr. Johnson

(seventh claim for relief). Roberts alleges claims against Hillcrest under theories of sex discrimination (first and fourth claims for relief), hostile work environment (second and fifth claims for relief), and retaliation (third and sixth claims for relief). Roberts filed the case in Tulsa County District Court, but Hillcrest removed the case to this Court. Roberts has settled her claim against Dr. Johnson,[2] and Hillcrest will be the sole remaining defendant. Dkt. # 35.

**II.**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true

---

2 The dismissal documents formalizing this settlement are due September 29, 2026. Following that dismissal, the parties shall modify the caption to delete Dr. Johnson as a defendant.

those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. Of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

**III.**

Hillcrest argues that plaintiff's hostile work environment claims under Title VII and the OADA should be dismissed, because the claims are based on a single incident and plaintiff's allegations do not support an inference of severe and pervasive harassment. Dkt. # 17, at 5-8. Hillcrest asserts that plaintiff cannot show that she engaged in protected conduct for a retaliation claim, because she lacked a reasonable, good faith belief that she was reporting conduct within the scope of Title VII's protections. Id. at 9-11. Hillcrest also argues that a retaliation claim is not cognizable under the OADA. Id. at 12.

**A.**

Hillcrest argues that a single incident of sexual harassment ordinarily does not give rise to a hostile work environment claim, and plaintiff has failed to allege facts suggesting that the harassment was so severe and pervasive that she has any possibility of recovering under a hostile work environment theory. Plaintiff claims that she has actually alleged that Hillcrest engaged in a series of events related to Dr. Johnson's conduct, including failing to take any action against Dr. Johnson for his offensive conduct, and she has adequately alleged a hostile work environment claim.

To allege a plausible Title VII claim under a hostile work environment theory, a plaintiff must allege facts suggesting that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's

employment and create an abusive working environment." Payan v. United Parcel Service, 905 F.3d 1162, 1171 (10th Cir. 2018) (quoting Sandoval v. City of Boulder, 388 F.3d 1312, 1326-27 (10th Cir. 2004)). "The applicable test for a hostile work environment has both objective and subjective components. A dual standard asks both whether the plaintiff was offended by the work environment and whether a reasonable person would likewise be offended, and both must be proved." Hernandez v. Valley View Hosp. Ass'n, 684 F.3d 950, 957 (10th Cir. 2012) (internal quotations omitted). Courts must look to all the circumstances in determining whether an environment is "hostile" or "abusive," including: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993); see also Hernandez, 684 F.3d at 957-58 (reiterating the Harris factors in evaluating whether a work environment is hostile).

Plaintiff argues that Dr. Johnson's single incident of harassment set off a series of events that created a hostile work environment, and she contends that Dr. Johnson's harassment, combined with Hillcrest's failure to adequately respond to her complaints, is sufficient to state a hostile work environment claim. Dkt. # 22, at 4-5. In plaintiff's response, she summarizes her allegations concerning the existence of a hostile work environment as follows:

> (1) Dr. Johnson–the Medical Director, a position of authority over Plaintiff–forcefully smacked Plaintiff's buttocks while she was leaning over a counter performing her duties, causing her to lurch forward, (2) Plaintiff immediately informed Dr. Johnson that his conduct was unwelcome, (3) Plaintiff reported the assault to her supervisor and no corrective action was taken, (4) in April 2025, a subordinate employee separately reported additional inappropriate and sexually suggestive comments by Dr. Johnson, further placing Defendant on notice of a pattern of sexually inappropriate conduct, (5) despite these multiple complaints and

> reports, failed to take prompt and effective remedial action, and (6) Defendant Hillcrest then took retaliatory adverse employment actions against Plaintiff.

Id. at 3 (citations omitted). Generously construing plaintiff's arguments, this summary identifies only two actions that could be considered part of potentially hostile work environment. Plaintiff's allegation concerning Dr. Johnson's conduct toward her clearly constitutes discriminatory conduct, as does plaintiff's allegation concerning another employee's complaint of "suggestive comments" by Dr. Johnson. However, plaintiff fails to elaborate on the "suggestive comments" made by Dr. Johnson to another employee, and this allegation does not substantially contribute to the existence of a hostile work environment. Plaintiff's allegations support an inference that she suffered a single instance of sexual harassment, that she told Dr. Johnson his conduct was "unwelcome," and it appears that he no longer sexually harassed her after this encounter. The two alleged instances of sexual harassment by Dr. Johnson occurred between February and April 2025, and plaintiff's allegations do not suggest that she was exposed to frequent or pervasive discriminatory conduct in the workplace. Plaintiff's allegations support an inference that Dr. Johnson infrequently engaged in sexual harassment in the workplace and the single instance of his offensive conduct towards plaintiff was modestly severe, but plaintiff's allegations do not reasonably support an inference that the harassment was so severe and pervasive that plaintiff was subjected to a hostile work environment.

Plaintiff cites Campbell v. Kansas State University, 780 F. Supp. 755 (D. Kan. 1991), for the proposition that infrequent conduct of a sufficiently severe nature can support the existence of a hostile work environment at the pleading stage. Dkt. # 22, at 4. The Court does not find that Campbell is persuasive, as it is factually distinguishable and not legally binding authority. The

conduct at issue in Campbell was a hard slap on the buttocks, and the transgressor who slapped the plaintiff repeatedly threatened to engage in the same behavior. Campbell, 780 F. Supp. at 759. The district court also found the incidents of harassment and threatening behavior occurred after the plaintiff's employer had ignored prior complaints about the transgressor's conduct, and the employer failed to notify the previously aggrieved employee about available methods for reporting sexual harassment. Id. at 763-64. The Court also notes that Campbell is a 45 year old district court decision with minimal persuasive value, and it appears that Campbell runs counter to the greater weight of Tenth Circuit authority requiring frequent and severe harassment to allege the existence of hostile work environment. Plaintiff's allegations do not state a Title VII discrimination claim under a hostile work environment theory, and plaintiff's second claim for relief is dismissed. Plaintiff has alleged an OADA claim under the same theory, and this claim (fifth claim for relief) is also dismissed. Jones v. Needham, 856 F.3d 1284 (10th Cir. 2017) (OADA claims analyzed in same manner as Title VII claims); Johnson v. Spirit Aerosystems, Inc., 2021 WL 6066701, *6 (N.D. Okla. Mar. 26, 2021) (OADA claims and Title VII claims are subject to the same analysis and an OADA claim will fail if the related Title VII claim is dismissed).

**B.**

Hillcrest argues that the dismissal of plaintiff's hostile work environment claims also requires the Court to dismiss her retaliation claims, because plaintiff cannot plausibly allege that Hillcrest retaliated against her for reporting an unlawful employment practice under Title VII. Dkt. # 17, at 9-11. Plaintiff responds that she engaged in protected activity for the purpose of a retaliation by reporting Dr. Johnson's sexual harassment, because she had a good faith belief that this type of conduct fell within the scope of Title VII's protections. Dkt. # 22, at 7.

To state a prima facie case of retaliation under Title VII, plaintiff must allege that: (1) she engaged in protected opposition to discrimination; (2) her employer took an adverse employment action against her; and (3) there is a causal connection between the opposition and the adverse action. Stover v. Martinez, 382 F.3d 1064, 1071 (10th Cir. 2004). The law is clear that reporting workplace discrimination to the EEOC is protected behavior, but informal complaints concerning discriminatory conduct also qualify as protected opposition. O'Neal v. Ferguson Constr. Co., 237 F.3d 1248, 1255 (10th Cir. 2001); Anderson v. Coors Brewing Co., 181 F.3d 1171, 1178 (10th Cir. 1999). An employee may establish causation by showing that the adverse employment action occurred soon after the protected activity. Annett v. University of Kansas, 371 F.3d 1233, 1239-40 (10th Cir. 2004); Burrus v. United Tel. Co. of Kansas, Inc., 683 F.2d 339, 343 (10th Cir. 1982). "Unless there is a very close temporal proximity between the protected activity and the retaliatory conduct, the plaintiff must offer additional evidence to establish causation." O'Neal, 237 F.3d at 1252. A plaintiff is permitted to maintain a retaliation claim as long as she has a good faith belief that the underlying conduct reported to the employer constituted a violation of Title VII, even if that belief is ultimately incorrect. Crumpacker v. Kansas Dep't of Human Resources, 338 F.3d 1163, 1172 (10th Cir. 2003); see also Ford v. Jackson Nat'l Life Ins. Co., 45 F.4th 1202, 1224 (10th Cir. 2022) ("a meritorious retaliation claim will stand even if the underlying discrimination claim fails").

Hillcrest argues that plaintiff has failed to adequately allege a Title VII claim under a hostile work environment theory, and this means that she has also failed to allege that she engaged in protected activity for the purpose of a retaliation claim. The Court disagrees. Plaintiff has clearly alleged that she reported alleged sexual harassment to Hillcrest that fell within this scope of Title VII for at least two reasons. First, plaintiff has alleged a sex discrimination claim (first claim for relief)

which Hillcrest has not sought to dismiss, and plaintiff still has an underlying discrimination claim even though the Court has dismissed plaintiff's hostile work environment claim. Second, plaintiff has clearly alleged that Dr. Johnson "forcefully smacked her buttocks, causing her to lurch forward," and reporting this conduct to Hillcrest qualified as protected opposition, even if the Court were to find that plaintiff had no valid underlying claims. Ford, 45 F.4th at 1224. Dr. Johnson's alleged conduct would constitute sexual harassment and plaintiff had a good faith belief that she was reporting conduct covered by Title VII. Plaintiff alleges that Hillcrest took adverse action against her for reporting sexual harassment by demoting her, reducing her pay, and permanently removing her from the role of charge nurse. Plaintiff also alleges that Hillcrest subsequently terminated her employment based on falsified claims of attendance and professionalism issues, and plaintiff has adequately alleged that Hillcrest took an adverse employment action against her. Plaintiff's allegations also support an inference that her reporting of sexual harassment and the adverse employment actions were causally related. Hillcrest cites two cases for the proposition that reporting "isolated instances of inappropriate behavior" is not protected opposition, but the cases actually concern the reporting of conduct falling wholly outside of the scope of Title VII. Janus v. Oklahoma Dep't of Wildlife Conservation, 2021 WL 433196 (W.D. Okla. Feb. 8, 2021) (plaintiff's complaint concerning a single crude, but not inherently discriminatory, comment was not protected opposition); New v. Bd. of Cnty. Comm'rs, 434 F. Supp. 3d 1219 (N.D. Okla. 2020) (plaintiff did not report unlawful employment practice when she complained that coworkers were engaged in a consensual sexual relationship). In this case, plaintiff clearly reported conduct that fell within the scope of Title VII and she has sufficiently alleged that Hillcrest retaliated against her for reporting this conduct, and she has stated a retaliation claim under Title VII.

Hillcrest separately argues that plaintiff cannot proceed with a retaliation claim under the OADA, because the OADA fails to provide any remedies for retaliation. The Court has previously considered this issue in another case and determined a retaliation claim is not cognizable under the OADA due to the lack of a remedy. Mills v. Amazon.com Servs., LLC, 2024 WL 3205397 (N.D. Okla. June 27, 2024). Plaintiff argues that the Oklahoma Supreme Court's decision in Edwards v. Andrews, 382 P.3d 1045 (Okla. 2016), merely stated in dicta that the OADA fails to provide a remedy for retaliation. However, the Oklahoma Supreme Court clearly stated that the "only remedies provided in an individual action for employment discrimination are provided by [OKLA. STAT. tit. , § 1350]," and the Oklahoma Legislature prohibited retaliation but failed to provide a remedy for retaliation in the context of employment discrimination. Id. at 1047. Plaintiff cites McDaniel v. Legend Energy Servs., LLC, 2021 WL 535862 (W.D. Okla. Feb. 12, 2021), to support her claim that Edwards did not conclusively dispose of the possibility of a retaliation claim under the OADA, but the Court notes that McDaniel did not actually decide this issue and merely asked the parties if this issue should be certified to the Oklahoma Supreme Court. The Court finds no reason to change its prior decision based on the inconclusive authority cited by plaintiff, and plaintiff's OADA retaliation claim (sixth claim for relief) is dismissed.

**IT IS THEREFORE ORDERED** that Defendant AHS Hillcrest Medical Center, LLC's Partial Motion to Dismiss Plaintiff's Petition and Incorporated Memorandum in Support (Dkt. # 17) is **granted in part** and **denied in part**: plaintiff's hostile work environment claims (second and fifth claims for relief) and OADA retaliation claim (sixth claim for relief) are **dismissed**, but the motion is denied as to the dismissal of plaintiff's Title VII retaliation claim (third claim for relief).

**IT IS FURTHER ORDERED** that plaintiff's first, third, and fourth claims for relief against Hillcrest remain pending. A scheduling order will be entered forthwith.

**DATED** this 8th day of September, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE